## ACKERMAN *v.* McINTIRE.

### PRINCIPAL AND AGENT; FRAUD; LACHES.

When a real estate agent represented to his principal that he had sold certain property of hers which he had in charge for $300 to one E. T., saying that was all he could get, while in fact it was worth more, and she being in needy circumstances, executed a deed of conveyance; and nine years later she discovered that E. T. was a fictitious person fraudulently invented by the agent in order that he might secure the property, it was *held*, applying the rule laid down in Pryor *v.* McIntire, *ante*, p. 417, that her right to relief was not barred by the lapse of time.

No. 467. Submitted December 4, 1895. Decided January 6, 1896.

HEARING on an appeal by the complainant from a decree dismissing a bill for an accounting and the vacation of an alleged fraudulent sale and conveyance of real estate. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Franklin H. Mackey, Mr. H. O. Claughton* and *Mr. Wm. W. Boarman* for the appellant.

*Mr. Enoch Totten* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is the third of the series of suits against the defendants, argued and submitted together with *Pryor* v. *McIntire*, No. 465, *ante*, p. 417.

Annie M. Ackerman sues to set aside a sale and conveyance made by her to one " Emma Taylor," so called, April 24, 1882, of lot 21 of Bond and Bramhall, trustees', subdivision of original lot 9 of square 992, city of Washington, on account of fraud practiced upon her.

It appears from the evidence that the lot in question had a house upon it occupied by tenants.   Mrs. Ackerman had been put to trouble about the collection of the rents, and certain improvements upon the property.   She had had trouble with her husband also, and was engaged in a suit with him.   Some other agents having failed to account to her for rents collected, she was referred to Edwin A. McIntire, and turned the property over to him for sale.   In the latter part of March, 1892, he reported to her a sale made at $300, which he represented to be all that he could get. The property was worth more ; but she, being needy, and having had trouble with the property, concluded to accept the offer.   She was informed that the purchaser was Emma Taylor, whom she never saw.   She made the deed to said Emma Taylor, as prepared by said McIntire, and left it with him.   He presented her a check for $300 made by him to her order, which she endorsed in blank and returned to him. He then paid her $75, claiming that the remainder of the money was required to pay certain charges against the property, costs, etc.   She accepted his statement, without making inquiry into the facts, and took the money tendered her, though astonished and disappointed at the result of the sale. She had no reason to suspect the non-existence of the said

Emma Taylor, or that any deception had been practiced on her until a short time before the institution of her suit. It was not discovered that the title had been afterwards parted with by said " Emma Taylor " until, on the 7th day of April, 1891, at which time Edwin A. McIntire answered the bill. On that day a deed was filed for record purporting to be a conveyance by " Emma Taylor " to Martha McIntire, under date of September 4, 1884. Said Martha McIntire was then made a party by an amended bill, filed April 18, 1891.

Edwin A. McIntire testified that he charged complainant no commission for making the sale, and that he paid her at least $175 of the proceeds thereof. He produced no evidence showing what were the charges on the property that had to be paid from the proceeds of the sale. As there was no such person in existence as the " Emma Taylor " named in the deed, the pretended sale and conveyance to her, as well as the pretended conveyance by her to Martha McIntire, are null and void, and must be so decreed.

On the trial, defendants produced another conveyance, that has never been recorded, purporting to be a quit-claim deed by Annie M. Ackerman to Martha McIntire, reciting a consideration of five dollars, and bearing date September 6, 1884. Edwin A. McIntire testified that he filled out the blanks in this conveyance and gave it to Helmick to procure the signuture of Annie M. Ackerman, together with the five dollars consideration recited therein, and that Mrs. Ackerman afterwards told him she received the money and purchased a parasol with it. The certificate of acknowledgment of the deed taken, as it purports, before said Helmick, as justice of the peace, has the blanks filled out also in the writing of Edwin A. McIntire.

Annie M. Ackerman denied that she ever made or signed said deed or acknowledged its execution to Helmick, or received the consideration therein recited. Two experts, offered by complainant, testified, upon comparison of signatures, that the name Annie M. Ackerman had not been written by her, in their opinion, and that the signature of

William Helmick, both as a subscribing witness to the deed and to the official certificate of its acknowledgment, had been forged. A witness for defendant, who had once been a constable in attendance upon Helmick's court, said he was familiar with Helmick's signature, and believed the two said signatures to be genuine.

From all the evidence in the case, direct and circumstantial, we are of the opinion that this deed was not made by the said Annie M. Ackerman.

The bill was dismissed in the court below on the single ground of complainant's laches. For the reasons given in the opinion in *Pryor* v. *McIntire*, we hold that complainant ought not to be barred of her right to undo the fraud that has been perpetrated upon her. It follows that the decree appealed from must be reversed, and it is so ordered, with costs to the appellant.

It is further ordered that the cause be remanded to the Supreme Court of the District of Columbia, with direction to take an account of the reasonable value of the rents and profits of the premises during their possession by the defendants, together with an account of the charges and taxes that they may have actually paid upon the same, as well as the money actually paid to said Annie M. Ackerman out of the proceeds of said pretended sale. A final decree will be passed upon the settlement of said account, annulling the said sale and conveyances and quieting the title of complainant to said premises, and decreeing payment to either party in whose favor the balance may be found, and taxing all costs against the defendants.

*Reversed.*